UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL D. ASHBY, | Civil No. 12-2666 (MJD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| NICHOLAS J. WILLS, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue Defendant Nicholas J. Wills, a physician who apparently practices some form of orthopedic medicine. Defendant allegedly recommended that Plaintiff should have an operation to relieve his back pain. Plaintiff alleges that Defendant did not adequately inform him about the potential risks associated with the recommended operation. It is further alleged that Defendant nevertheless performed the recommended operation, and, unfortunately, there were complications that involved a broken screw in Plaintiff's back.

Plaintiff alleges that, upon discovery of the broken screw, Defendant recommended a second surgery, without adequately explaining the potential risks of that surgery. Following the second surgery, Plaintiff has continued to suffer from significant back pain.

Plaintiff now claims that Defendant violated Plaintiff's federal constitutional right to due process, by failing to comply with the "Minnesota Patient Bill of Rights" – a state statute that establishes certain standards and duties for Minnesota health care providers. According to Plaintiff, the "Minnesota Patient Bill of Rights" creates a "liberty interest," which required Defendant to properly inform Plaintiff about the risks associated with both of his back operations. Plaintiff claims that Defendant deprived him of that liberty interest without due process. He is seeking damages to compensate him for the alleged violation of his constitutional rights.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, Plaintiff is attempting to sue Defendant for allegedly violating Plaintiff's federal constitutional right to due process. It is well settled, however, that only governmental employees and agents – i.e., "state actors" – can be sued for violating a person's constitutional right to due process. "[T]here is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant." Krukemyer v. Forcum, 475 Fed. App'x 563, 566 (6th Cir. 2012) (unpublished opinion) (emphasis added), cert. denied, 2012 WL 2805820 (U.S. Oct. 1, 2012). See also National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) ("[a]s a general

matter the protections of the Fourteenth Amendment do not extend to 'private conduct abridging individual rights''') (citation omitted); <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 349 (1974) (reaffirming "the essential dichotomy set forth in th[e] [Fourteenth] Amendment between deprivation by the State, subject to scrutiny under its provisions, and private conduct, 'however discriminatory or wrongful,' against which the Fourteenth Amendment offers no shield" (citations omitted)); <u>Davis v. Prudential Secs., Inc.</u>, 59 F.3d 1186, 1191 (11th Cir. 1995) ("only state action is subject to scrutiny under the Due Process Clause").

There are no allegations in Plaintiff's complaint which suggest that Defendant is a governmental employee or agent, or that he was acting as such when he allegedly violated Plaintiff's rights under the "Minnesota Patient Bill of Rights." Therefore, Defendant cannot be sued for allegedly violating Plaintiff's right to due process. Plaintiff's complaint fails to state a legally cognizable cause of action against Defendant.[1]

---

[1] It appears that Plaintiff deliberately attempted to bring a federal due process claim against Defendant so he could file his lawsuit in federal court. Plaintiff apparently recognizes that if he had attempted to sue Defendant for negligence (i.e., medical malpractice), or if he had attempted to bring a claim directly under the "Minnesota Patient Bill of Rights," this case would have to be summarily dismissed for lack of federal subject matter jurisdiction. At present, the Court finds only that Plaintiff has failed to plead an actionable federal constitutional claim against Defendant. Therefore, the dismissal of Plaintiff's present lawsuit may not necessarily preclude him from suing Defendant in state court based on state law theories, including, perhaps, medical malpractice and violations of the "Minnesota Patient Bill of Rights." The Court notes, however, that if Plaintiff were to bring any such state law claims against Defendant (in state court), he presumably would have to comply with Minn. Stat. § 145.682. Plaintiff's current complaint does not satisfy the requirements of that statute.

Because Plaintiff has failed to plead a cause of action on which relief can be granted, the Court will recommend that his IFP application be denied and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii). Having determined that this action must be summarily dismissed, the Court will further recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 3), be summarily denied.[2]

[Continued on next page.]

---

[2] It should be noted that Plaintiff is subject to a "restricted filer" order that was entered in <u>Ashby v. Olson</u>, Civil No. 3:93-cv-479 (RHK/FEB), (Order dated August 19, 1993, [Docket No. 5].) As far as the Court can tell, Plaintiff did not receive any judicial pre-authorization to file his current complaint. Plaintiff is reminded of the existence of the aforementioned restricted filer order. In the future, Plaintiff should not attempt to file any complaint in the United States District Court for the District of Minnesota, and the Clerk's Office should not accept any such complaint for filing, unless a judge of the District Court has expressly directed the complaint to be filed.

## III.   RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's application for leave to proceed in forma pauperis (Docket No. 2) be **DENIED**;

2.  Plaintiff's motion for appointment of counsel (Docket No. 3) be **DENIED**; and

3.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November    5th    , 2012

                                               *s/ Tony N. Leung*
                                               TONY N. LEUNG
                                               United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **November 20, 2012**.